Mr. Justice Robb
delivered the opinion of the Court:
This is an interference proceeding,"and involves a decision of the Commissioner of Patents awarding priority of invention to Tore G. E. Lindmark, the senior party, who is also a patentee. The proceeding originally involved three parties,, but the third party, De Eerranti, has taken no appeal.
*323 The invention relates to steam turbines in which the fluid undergoes progressive expansion by the use of devices for heating the fluid prior to its entrance into each of a number of fluid motors. The counts are as follows:
“1. In combination with a plurality of elastic fluid motors wherein said fluid undergoes progressive expansions, means for augmenting the temperature of said fluid prior to each expansion by an amount progressively increasing from the first expansion to the last.
“2. In combination with a plurality of elastic fluid motors disposed in series, means for augmenting the temperature of said fluid prior to entrance to each motor by an amount progressively increasing from the first admission to the last.
“3. In combination with a plurality of elastic fluid turbines in which said fluid is progressively expanded, disposed in series, means interposed between successive turbines for augmenting the temperature of the- working fluid by amounts progressively increasing from the initial admission end of the series to the final exhaust.”
Lindmark, the senior party, filed an application January 16, 1903, upon which a patent containing the claims of this issue was granted November 1, 1904. Charles Or. Curtis filed' his present application October 2,1905. He had previously, on April 8, 1897, filed an application of which he contends the present application is a division. The claims of the earlier-application were rejected and it was abandoned October 4,. 1905, the present application having then been filed. Curtis here relies for conception on his application of 1897, and the record contains the testimony of experts upon the question whether the present invention was disclosed in that application. The Examiner of Interferences ruled that it was not. The Board of Examiners-in-Chief, two members sitting, while-conceding that this earlier application disclosed no means which, necessarily would result in the function here claimed, and that: there was a material difference between the apparatus shown, by Curtis and the apparatus shown by Lindmark, nevertheless ruled that both the early Curtis application and the applica *324 tion of Lindmark “disclose means which, with the exercise of ordinary engineering skill, could be made to answer the terms of the counts, having in view the result desired, directly stated by Lindmark and implied in the Curtis specification.’’ The Commissioner, after a careful consideration of the case, adopted the view of the Examiner of Interferences.
We will now consider the earlier application of Curtis: In that application Curtis claimed an interposition of superheaters between stages of a compound turbine,—nothing more. These claims the Principal Examiner promptly rejected, the principal reference being the patent to Young, dated April 9, 1889. The Young patent showed the same interposition of superheaters in a compound engine instead of in a compound turbine. The superheater between the second and third stages in the Young structure is larger than the superheater between the first and second stages, while in the Curtis structure they are apparently of the same size. Upon appeal to the Examiners in Chief, the decision of the Principal Examiner was affirmed and the claims of the application rejected. An appeal was taken to the Commissioner, who said: “The structure in the Young patent is analogous to that shown and described by the appellant, the only difference being that the appellant has substituted steam turbines for the reciprocating engine used by Young. The appellant’s prior patent shows that a compound turbine construction operated by the expansion of steam in successive stages is old. * * * The appellant says that he has not substituted merely a steam turbine for the steam ■engine shown in the patents to Young and Shy decker. He insists that in his new construction he has found it necessary to materially alter the construction of his several turbines.” The Commissioner found that the claims did not specify any particular construction of turbine, and affirmed the decision of the Examiners-in-Chief.
After the patent was granted to Lindmark, Curtis filed his present application, copying the drawing of his earlier application, but adding to the specification of that application. In this later application he copied the claims of the Lindmark patent. *325 In the first place, the circumstances of the case are such as to impose upon Curtis the burden of showing very clearly that hé really had a conception of this invention, and disclosed it in the application of 1897. It is perfectly clear that the drawing accompanying the Curtis application discloses nothing more than, if as much as, the Young patent. Conceding that, in his earlier specification, he suggested the problem which Lindmark has apparently solved, he is certainly not entitled to our consideration to the extent of the grant of a patent, unless, coupled with that suggestion, he disclosed a means for accomplishing the desired result. This we do not think he did. In Lindmark’s construction, as pointed out by each of the tribunals of the Patent Office, the products of combustion first come in contact with the last superheater, where the steam is ordinarily of the greatest expansion and of the lowest temperature. In the Young and Curtis construction the principle is reversed; in other words, Lindmark shows a means apparently susceptible for augmenting the temperature of the fluid prior to each expansion by an amount progressively increasing from the first expansion to the last. He has the most heat where most needed, and the least heat where least needed.
We therefore, without further elaboration, adopt the reasoning of the Commissioner and affirm his decision. The clerk will certify this opinion as the law requires.

Affirmed.